IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,188-04






EX PARTE JAMES BRYAN HANSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 16,317B IN THE 104TH DISTRICT COURT


FROM TAYLOR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to twenty years' imprisonment. 

 Applicant contends that TDCJ is not crediting his sentence with time spent incarcerated
before trial and which was awarded in the judgment, as well as with time spent incarcerated in the
county jail from the date of sentencing until transfer to TDCJ. He alleges that the claim has been
properly exhausted. See Tex. Gov't Code § 501.0081; Ex parte Stokes, 15 S.W.3d 532 (Tex. Crim.
App. 2000). Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Spann, 132
S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit explaining its calculation of Applicant's sentence and stating whether the
time credit awarded in the judgment and the time spent incarcerated after sentencing but before
transport to TDCJ is being applied to the completion of Applicant's sentence. 

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. If the trial court elects to hold a hearing,
it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings and conclusions as to whether Applicant is receiving the
proper amount of time credit on his sentence. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 

Filed: April 10, 2013

Do not publish